181464 In Re. Grand Jury Subpoena. Thank you. Good morning, Your Honor. May it please the Court. Neil Kelley, Assistant Attorney General, Napa State of Rhode Island. If I may reserve three minutes for rebuttal. Yes. Thank you, Your Honor. Your Honor, the issue here is whether the State's core attorney-client communications, created in a civil context and protected by the attorney-client privileges recognized in the Hickoro Apache Tribe case, stands in the balance with nothing more than the issuance of a grand jury subpoena. In a case where the United States has acknowledged that there is no target, no State employee who is a target of the investigation, in a matter that involves an investigation of a third party, here the District Court, without considering the records that were issued, established a bright-line rule and obliterated the State's attorney-client privilege in such a circumstance, basically holding that any time a grand jury subpoena issues for records of the State's counsel, they would be produced without reservation and without consideration of whether the materials were germane to the investigation at issue. Here, where there is such a matter... When you say without germane, did you make an objection that they're irrelevant beyond the scope of... We don't know, Your Honor, we don't know what the United States knows. And to be clear about this, this is not about whether... The State is not looking to shield activities of employees of the State or communications that they may have. But in this instance, we don't know what the United States may or may not have, but whether that we need to protect the attorney-client privilege from just the abrogation, a categorical abrogation, across the board. But that puzzles me, then, because you could have just voluntarily produced the stuff without there being any precedent, just saying, in this one instance, because we think the stuff would have helped the grand jury have investigated this third party already, which the States do that all the time. They do, Your Honor, but I'm not saying... They've had some reason here for not wanting to give it to the grand jury. Right, Your Honor. Without the attorney-client privilege. Right, in this instance, and in particular in this instance, we believe that this is the type of case where this principle needs to be assessed because we envision, and from conversations we have with the United States Attorney's Office, we would anticipate that more subpoenas would be forthcoming from the grand jury to breach attorney-client communications at any point in time. That's the concern here, is that there's nothing to measure, as your question asked, whether the materials are the type that should be produced in such a circumstance. What's the rule you want us to adopt? Your Honor, there's two questions here. The first is whether the State has the privilege. We maintain that it does. The second is the scope of the privilege. As we argue below and in our brief here, this Court has already set out a formula to determine that. In our Rules of Professional Conduct in Rhode Island, which were adopted by the United States District Court in terms of rules that apply to prosecutors, there is a Rule 3.8. In the first instance, I maintain that the State of Rhode Island does maintain the attorney-client privilege as it relates to records of attorney-client communications. But in regard to Rule 3.8, it gets into prior to the issuance of a subpoena, and in particular a grand jury subpoena, this Court has already considered that in the context of the case of White House versus the District Court. It set out some factors to determine whether the scope of the privilege should attach and whether records would need to be produced. And it assessed whether the communications sought in particular by a grand jury subpoena would be protected. It also questions whether the materials are peripheral, whether they're speculative, and whether they are cumulative of the investigation. I still don't understand what rule you want us to adopt. Well, in this instance, that the attorney-client privilege can't just be eviscerated, if you will, by virtue of the issuance of a grand jury subpoena. I thought the rule you were advocating, now maybe I'm confused, is that you want us to rule that the State of Rhode Island has an attorney-client privilege that can be asserted in response to a federal grand jury, just like a private person would have. I wouldn't go as far as just like a private person would have, but I would say that we would have an attorney-client privilege that would attach in the face of a grand jury subpoena. Are you trying to distinguish between the circumstances, because it sounds like you are, between a grand jury subpoena that is seeking information of government wrongdoing, and a grand jury subpoena that is not? Yes, Your Honor. Okay. And we don't know that. Is that the rule you want us to adopt? What's that? That you have an attorney-client privilege as against a grand jury subpoena so long as it is not seeking information about government wrongdoing? Yes, Your Honor. Essentially, yes. And that gets back to this Rule 3.8 and the factors that are considered, because the last one is whether or not there are reasonable attempts to obtain the information from other sources. Am I right that every case that's found the subpoena to be, for instance, the D.C. Circuit case and the Second Circuit case, and I guess the Seventh Circuit case, those are the three. No, it's the D.C. Circuit case and the Seventh Circuit case are the two. There's four cases altogether, Your Honor. The two circuit court cases. There's three circuit court cases. Four circuit court cases. Has it been found that the grand jury subpoena can be, must be compliant? Three. What are the three? The three are the Eighth Circuit in the Whitewater case, the D.C. Circuit in the Inmate Lindsey case, which recognize that the communications need to have some criminality indicated in them. They're also focused on targets of government wrongdoing. And the third one is the Illinois case from the Seventh Circuit. Am I right that all three involve government wrongdoing in subpoenas? Yes. Yes, and they're focused. If we were to hold for the government, for the federal government here, this would be the first case permitting a grand jury subpoena, forcing it compliant to the grand jury subpoena, that did not seek information about government wrongdoing. Is that right? That's what I understand, Your Honor. Yes. Understanding I don't know what the United States does or doesn't know, but there's no target of the estate employee target of the investigation at this juncture. Yes. I have a question. How do we, in terms of this rule, when you get a grand jury subpoena, do you need to be able to put it in one box or the other, target or not target? How do you do that? No, Your Honor. Actually, this is the Rule 3.8 that I was speaking to. Prior to the issuance of the subpoena that's required under our rules, that there would be prior judicial approval that would be obtained. And in that instance, the district court can determine whether or not the subpoena should issue or not. And in this instance, we don't have anything to measure the subpoena against. And understanding the question about the rule, there's nothing to measure the subpoena against in relation to the attorney-client privileges. But, of course, the question is that if the standard you want it to be measured against is an unadministerable standard, what is the point of measuring against it? Well, Your Honor, this court has already approved the factors in the White House case that would consider the prior judicial approval of such an issuance of a grand jury subpoena. But that's a different standard than whether there's government normative being sought. If the standard you want is evaluated, if the rule is, you have to comply with the subpoena that seeks information about government normative, it only makes sense to say, well, this subpoena can't be complied with because we don't even know what it's about, if the test you want it to apply is an administrable one. So how is that test going to be administrable? Well, no understanding, Your Honor, that it would have to be some indication that there was some criminal involvement in the information that they were seeking. But here we don't have that. We don't understand what that is. So the attorney-client says, yeah, but we have some interest. What would you mean? Well, there's got to be a way to assess that in this instance. There isn't one. That's the tension between Hick-a-rola and recognizing that we have a privilege. Well, but this is the one I'm trying to articulate for you, Your Honor, is that there's got to be a way to measure it, and this Court has already determined that in the White House case. Let me see if I'm understanding. I think you're saying, before they can give a grand jury subpoena to a state, they have to go to the District Court first and ask the District Court to approve the issuance of the subpoena. Is that one? In Rhode Island, yes. And you're saying that's what we should adopt the rule. And then what is that Court supposed to decide? The factors that have been laid out. What are they? They are whether the materials are protected, whether they are as far as essential to the successful completion of the investigation, whether the information is... You don't want that to happen. Well, we want the test that essentially... You want the test to be, even if it's essential to the completion of the investigation, they still can't get it. Unless it pertains to criminal law... That's not including any. That's what we're confronted with, Your Honor, is we don't have anything to measure that against. Look, I take... I got that. I got that. So, look, where does the... What is the source of this additional requirement that the subpoena has to be seeking government? How do you run that through 501? How do we get to the conclusion that even if a subpoena might have to be complied with in that circumstance or in some other circumstance where, you know, an innocent person needs the evidence in order to be saved from the death penalty? I mean, there's always some exceptions. You say maybe there's an exception for government wrongdoing. This case is good for you because on the face of the subpoena, they're not even claiming... In fact, they're almost disclaiming that they want it because of an allegation of government wrongdoing. But if I just look at the 3.8 factors that you cite in terms of is it necessary to complete the investigation, they say it would be. I have no way to doubt that. So you want this additional factor. Where does that come from such that under 501 we should impose that additional restriction on the federal government's ability to get information? Well, in the other cases that we were talking about, the three circuit cases and in the Connecticut case, they all focused on criminal wrongdoing of government employees or the focus of government wrongdoing itself. Here, we don't have that, at least at this juncture. Why is it that they tend to focus on that? Well, because in that instance, it's understood that, you know, that the state can't countenance criminal behavior, essentially. And so in that instance, we understand that we need to address the criminality and understand that there could be a basis for providing that type of information given the cases that we were talking about. But you do say, I think you were telling us, you do countenance criminal behavior if it's by the target of your own investigation. You don't countenance criminal behavior if it's by your own employees. So if they're seeking something that targets a state employee, you say they can have it. But if they're seeking something that targets a private citizen, you're saying they can't have it. It seems rather odd when you think of the reason why you're advocating for the attorney-client privilege rule is that you want to make government employees feel safe confiding in a lawyer knowing it won't come out. That would be most important when the employee feared there was some criminal ramification. But then you want to advocate for a standard that says that's precisely when stuff gets discovered. If I may, Your Honor? Yes. Yes. And that is one of the factors under 3.8, which is, is there a need for this? And also, have other sources been addressed? If there is criminal wrongdoing, certainly, we wouldn't even be here if they followed this 3.8. If there was indication that there was criminal wrongdoing and we had access to that kind of information, we may not even be here talking about that again. We're not looking to shield criminal activity. We're just looking to protect the attorney-client privilege. So I can appreciate the concern about what the rule should be, but we believe that, at the very least, that the attorney-client privilege should be maintained until there's such a showing that the materials should warrant their production. And we believe that, based on what we have here, there is no basis to understand whether the materials at issue should be produced. This brings me back then to my first comment that I'm still puzzled on. States all the time turn over privilege stuff to the federal government and the federal government to the states in joint investigations and the like all the time. Here, you're telling us we have a situation in which no government employee is suspected of wrongdoing, but the government suspects someone else of doing wrongdoing. What public interest does Rhode Island have in not assisting the federal government in getting all the information that would be relevant to its investigation of a private entity? Robert, in response to your question, it's the rule that's been laid down by the district court which basically categorically obliterates our privilege in the face of a grand jury subpoena. Now, to answer your question, I understand your question, and we actually invited the United States in front of the district court to have that conversation with us, but we haven't had that conversation. It would be great to have that conversation, and we probably wouldn't be here if there was such information that we could provide under such a circumstance. But it's the categorical loss of the attorney-client privilege, which is very important to the state in the context of all the activities that the state carries out. So it's the difference between those two points. I'm befuddled because the only reason you got to a court ruling is that Rhode Island already decided that it didn't want to cooperate with the grand jury. That's the only reason you even raised the problem. Not necessarily, Your Honor, because once we produced those records, and in this instance it had to do with a regulatory matter, now we create all kinds of other issues around when the privilege attaches and when it doesn't, and that's the problem here, and when it attaches. And that's what we need to be able to rely on is the consistency of the application of the privilege. Mr. Schneeberg, is it a matter of practice? It sounds like you view this request as an unusual one. Yes. So even though all the time you're sharing confidential things, it's not the case that all the time you're sharing things protected by attorney-client privilege, like a government attorney notes and the like. Is that the idea? I'm not aware that this has ever come up before. The concern is that if they can do it any old time, they think they've got some kind of a prosecution, that your effective ability to say to your clients that there is a privilege that they can rely on is gone, because it's just the ambit of circumstances in which they might then come in and say, now I want the notes. It's so great. Whereas if it's limited, it's the circumstance of government wrongdoing. Everybody kind of knows the deal and they can make a fair calculation about whether there's a privilege. That's exactly right, Your Honor, because an uncertain privilege is no privilege at all as the Supreme Court has determined, and that's exactly right, and that's our problem here. And I wish we could have sorted it out and provided the records, but understanding that any time a grand jury subpoena issues, we could find ourself in that situation is exactly the reason why we're unfortunately here. If I may, I have a few questions. Yes, Your Honor. So in general terms, describe for me who holds the privilege in this case? The State of Rhode Island, the Secretary of Labor, the Attorney General, who holds the privilege? Well, we haven't reached that question or that juncture, but it is important in the context of the application of the privilege and maintaining of the privilege. In Rhode Island, I mean, certainly the executive is in play in terms of the privilege, but ultimately we believe it's the Attorney General that holds the privilege, Your Honor. Say that again? Ultimately we believe it's the Attorney General that would hold the privilege. And so the Attorney General could waive the privilege? Ultimately, yes, Your Honor. So if you have a state investigation that is headed by the Attorney General involving an agency and you want in-house agency counsel, you subpoena in-house agency counsel to a Rhode Island grand jury, and they say on behalf of the corporate client or the Secretary or whoever, the individual officer says, I have a personal privilege here, I'm asserting, the Attorney General can just ignore that, I take it? Or waive it on their behalf, whether they want the Attorney General to or not? That's right. But now it pertains to then the criminal prosecution of the matter. Again, we're not looking to protect criminal behavior. So this position that you're taking, that the Attorney General ultimately is in charge of determining whether there's a privilege, the scope of the privilege in a specific case and whether it must be waived, whether it can be asserted, if it's the Attorney General... Well, I think I've answered my own question, but I'm not entirely sure. You had something else, Bill? Well, let me follow up on that. Can we presume that whoever on behalf of Rhode Island has the ultimate decision as to whether to assert or not assert the privilege, has before reflecting an argument in court for a surrogate at this point, waived it? Yes. So we can assume the Attorney General has asserted the privilege on behalf of Rhode Island in this case? Yes. Yes. But there hasn't been a Rhode Island court decision straightening this out? Is there a statute that... No. Is this a common law authority? Yeah, it's a common law authority, but it's also rules of professional conduct, recognize that government competences need to be maintained by counsel... They don't establish the powers and duties of the Attorney General. No, but I thought you were talking about the common law privilege, Your Honor. No, I'm talking about who can waive the privilege. Yeah, who holds it and who can waive it. It would be a combination of the common law constitution and statutory authority and understanding the criminal authority that the Attorney General has of Rhode Island. You see, the way this sort of pushes back on your main policy point, the main policy point, one that gives us the attorney client privilege, is the policy decision that, shielding things from the eyes of others, facilitates an exchange of information between the lawyer and the client that, by and large, cumulatively is positive to society, to have the person think when he tells the lawyer that what he tells the lawyer is not going to be heard by others. Right. Unless he agrees. Well, that gets... that has tricky application here when you're saying, oh, but if there's any criminal investigation, which is when the client would most be concerned about confidence, that gets revealed. And, by the way, in any other investigation, no matter what you think, the Attorney General for Rhode Island can waive the privilege. You're not left in a state setting with the usual amount of confidence and assurance that you would otherwise have that would support policy. So we've got kind of a devious form of policy here. Well, it only would get into this tension if you had a criminal matter. But the problem we have, we're confronted with here, is the broad application of the privilege just in the face of a grand jury subpoena. That's the problem we're confronted with. You know, when we get into the issue of whether it gets waived under what circumstances, then we have something to measure it against. But we don't have that here, and that's the problem. The basic... we know, and I don't think the government's disputing, the federal government's not disputing, that attorney-client privilege exists as to civil matters in federal court, even when the state attorney... And that's true even though the AG holds the privilege and can waive it at any time, and so it's not like your typical circumstance, right? But it is a feature that's unusual. And then the question is, what do we do with that feature when we move over to the criminal side? How far do we go in suggesting that the privilege, because it's got this unusual quality of not being something that you could really count on as the line lawyer in the way that you ordinarily could count on as a private individual, you can say, well, the line is not any criminal case in any grand jury subpoena. It's a certain kind of criminal case with a certain kind of grand jury subpoena. Not necessarily, Your Honor. It's criminal activity that there's a state employee involved. It's not any criminal case. It's not any grand jury subpoena the federal government seeks. It's only one. And when you say the right line is in those circumstances where there's an allegation that the information is needed in order to demonstrate governmental law, correct? Yes, Your Honor. I can also concede that if there was information that, yes, Your Honor, that is correct. But if there was information that pertained to criminal activity, I'm not sure how that would play out. But in this instance, we don't have that consideration. Well, we have to think about that. And I have to say, passing strange to me, let's say you had competing investigations and then a state attorney general to preserve his or her privilege to continue the state investigation blocks the federal investigation by claiming attorney-client privilege. Well, then you'd have to have a... That's where the judicial oversight would come in in the context of whether the... You actually think that might be a close question? I do, Your Honor. But we aren't there yet. We aren't there in this situation, and I'm aware of it. We're still at the front end as to whether we have the privilege in any circumstance in the face of a grand jury subpoena. That's the problem we have. But, Your Honor, but your situation... It's true if you had an attorney general honest enough but unwise enough to say that the reason that they were asserting their privilege was to block the federal government's investigation so they could get the credit for it. That wouldn't look very good in federal court. But if instead they simply say the reason we're doing it is because all they're doing is seeking to vindicate a federal prosecution and that, if you allow that to go forward, will aggregate, in effect, the attorney-client privilege for the state attorney, that would be fine. And then... Because that's the argument you're making to us now, Your Honor. The reason you're saying... You say it is enough for the state to say, in order to assert the privilege and have the privilege vindicated, that the federal government has only asserted it as their interest in getting the information that would be relevant to a federal prosecution. Right? Essentially, by the issuance of... If it has good enough to vindicate the privilege, then a state attorney general could use that reason in any case in which they face a subpoena in a federal prosecution, even if their real reason for asserting it was to protect their right to go first on a state prosecution. Right? So that's the effect of the rule. It may not be the reason you're now arguing for it. I don't say that's your motive. I'm just saying the worry about adopting that rule is that it permits the circumstances to judge how it's positive. Your Honor, the rule that I'm trying to argue for is one that we are able to measure the application of a privilege against. And in this instance, we don't have that. I know that it gets into these close questions and then how does it pertain and so forth. But where there's no indication, and the district court judge did not review the records, where there's no indication as to whether the privilege should pertain or not. And this is the issue... So what would our rule here say? Your Honor, the whole thing that I can envision is that the district court decision is reversed until such time as the materials would be more in production. And in this instance, there is nothing to show whether the privilege should apply or not based on the fact that it's just a mere grand juris subpoena that's been issued against the state's counsel's materials, which the federal government... I'm sorry, the district court has recognized that the prosecutor should follow the rules of professional conduct or unit. But you're in effect saying the burden's on the government to articulate... Yes. You're saying that we have the privilege and they've not come up with a rule that identifies them being abrogated. So you're not going to spend the time trying to figure out what that argument for them would be. That's how it sounds to me. Well, I'm not trying to suggest that, Your Honor. What I'm trying to say is there is a set of factors that have been identified that can be utilized to determine when attorney-client materials should be produced. And I believe that that could be used in this sort of situation, getting to the scope of the privilege. What we say is it's a blanket abrogation of the privilege based on the decision below. And that's our problem at this juncture. So I understand that the questions are around how to assess the scope of that privilege, but we're not quite there yet. This is really about whether the privilege pertains, and we believe that it does. Every one of those other cases that we spoke about, the Three Circuit and the Connecticut case, all had a focus and they all had context. There's no context here that we were able to utilize to be able to assess whether that privilege pertains or not. And that gets to the reason why, in certain circumstances, materials are produced and sometimes they're not. But in this instance, that's where we are. Thank you. I think your task is to figure out whether you're going to use the full 30 minutes that we have. Hardly, Your Honor. Although I do have a lot to respond to, because most of the state's arguments appeared for the first time in their reply brief, not in their mandamus petition. We filed a response to their petition, and then the bulk of their legal arguments were presented in the reply. So I do actually have a lot of ground to cover. But I'd like to start with an issue that has seemed to preoccupy the panel and the argument to this point, which is whether the issue we're talking about, attorney-client privilege, this analysis should somehow hinge on the status of state employees in the investigation. Now, we dispute, as a legal matter, that the rules should change based on the status of state employees. But we want to make it very clear on the factual point that you have to be very, very careful about making any sort of assumption that the grand jury is or is not focusing on the conduct of state employees. The reason is that in the district court, we made a very narrow representation to the effect, and it's been quoted here, that no state employee is currently a target of the grand jury's investigation as defined by the U.S. Attorney Manual provision on targets, which says a person on whom there is substantial evidence linking them to a crime and who is a putative defendant in the case, somebody who could be indicted basically any minute. We said no state employee currently meets that definition. In the state's reply, they seem to be saying that this means somehow that no state employee's conduct is even within the scope of the grand jury's investigation, that no state government conduct is in play at all. And although this is a public forum and I can't get into detail on it, I would encourage you, if you have any questions about the factual issue, to look at the district court pleadings for more information on that, in particular the ex parte submission that we gave to the district court judge. On the legal front, though, it makes absolutely no sense to have a rule under 501 which says that somehow the analysis rises or falls on the current status of state employees in the grand jury's investigation. I mean, where does that rule even come from, and how would it even be workable? A judge would have to monitor a grand jury investigation day by day, week by week, and then, I suppose, get representations from the government about the status of various people. And would the judge have to look behind those representations? Would the judge have to look at the evidence that the grand jury's considered to see if we're being accurate when we say... Is it unusual to be seeking attorney-filed protective material from the state? Well, it's hard to say how usual or unusual it is. You get four circuit court decisions and one district court... They all seem to relate to one very prominent federal investigation of the President of the United States. Two of them? Yeah, one is to a governor. Right. The pretty high-level readings seem like there's a pretty high threshold before that happens. So my deduction from that is it's quite an unusual circumstance to ask for it. Well, it may be. Okay, so here's the reason why it matters to me and why, although it might seem odd to have this standard, that there has to be government law doing the letters. But it doesn't necessarily strike me that odd. If the alternative rule is that we were to announce that whenever a grand jury subpoena issues in a criminal case just meeting the standard for grand jury subpoenas, which is not particularly high, the state must hand over attorney-client-protected material. It does seem in tension with Jacarella's recognition that there is an attorney-client privilege in the civil context because I can't see how practically one would have much confidence that the privilege is going to be all that meaningful going forward if it's going to be the practice of U.S. attorneys in every criminal investigation or any number of them to just seek out attorney-client-protected notes. That's the word. No, I think the... So I guess I don't know what... The distinction here, I mean, and this is the nub of the case, the nub of our position, is that criminal proceedings are just fundamentally different from civil ones in terms of the stakes involved. And this is... That's not what I'm saying. I'm not saying that the stakes are higher. It's that the ubiquity of them will have consequences on the meaningfulness of what is acknowledged in Jacarella to be an attorney-client privilege that government attorneys have. And so the question isn't just... Yes, there's a big stake in a criminal prosecution. It's also quite unusual to just seek them as an ordinary course in criminal prosecutions, to seek this type of information, at least from the record I have no indication that it's not other than unusual. And so one circumstance, one way of mitigating that problem would be to have the federal government make some representation beyond just, hey, we need it for a criminal prosecution. And we did. We submitted an ex-party submission to the district court judge, in this case, outlining the facts in the investigation. The ruling is that just because it's a grand jury subpoena it must be granted, right? That is, you're defending that ruling? Absolutely. So the question is, if you do defend that ruling, doesn't that actually just necessarily put a lot of pressure on Jeff Verona as just a practical matter? No, we don't think it does, precisely because, number one, as you've just said, it is somewhat unusual. So, I mean, the unusual nature of this should actually cut in the other direction, okay? It should be a reason to lessen your concern. Furthermore... One reason it would is that in all the cases I see where it's happened, where it seemed like pretty significant government moral endurance by very high officials, that was leading them to do it. Now I see a case where that seems, just on the face of the record, less evident. At least if I just take the district court's opinion. All right. Because the district court's saying it doesn't matter if it's a relatively low-level prosecution dealing with just relatively tangential information about it. That's good enough. And you seem to be defending that rule. Yes. The absolute rule. Because it's completely unworkable in practice to have a district court judge trying to make hair-splitting distinctions on, well, to what extent is our state employees involved in this investigation? Are they subjects? Are they targets? What is the sort of status of any number of people in what could be a very broad-ranging criminal investigation spanning several years? Grand jury investigations often go on for years. But isn't this the point at which the discussion we had earlier about who gets to waive the privilege, who's speaking for the state, comes into play? This is the point at which sovereigns, presumably, are going to make grown-up decisions about whether they're going to turn over the information or not turn over the information. And you're saying we can't rely on that. But why not? Why wouldn't we rely on the good faith of the individual who represents the sovereign? See, there's a premise, I think, in your question and in Judge Barron's earlier, that the grand jury is only interested in getting evidence of guilt, okay? The grand jury is also interested, and federal prosecutors should well be interested, in getting information that may shed light on the innocence of people. So these documents that we have sought in the grand jury subpoena, let's just assume that they cast a favorable light on all the parties involved, including all the state employees. It's very important for us and the grand jury to know that as we decide whether to seek an indictment. Let's say it's material that would not be covered by the crime-fraud exception because it doesn't reflect any crime at all by state actors or other actors. Well, great. That's actually a reason why we want the information because, God forbid, prosecutors asking a grand jury to indict innocent people. So it's not just about getting evidence of criminal wrongdoing, let alone evidence  committing acts of wrongdoing. It's about ensuring that the criminal justice system as a whole, grand juries, even defense attorneys, prosecutors and judges, have access to complete information so that they can make the most accurate possible decisions in cases where the consequence for individual defendants is sometimes years in prison and even a death penalty. But you could see you couldn't get it from a private attorney. You couldn't get it from a private attorney, but the whole point here is that it's all true. Everything you just said is equally true vis-à-vis the private attorney. Yes, but public agencies, government agencies, have a duty to the public which transcends any sort of narrow parochial interest in asserting the attorney-client privilege. This is the point especially of the Second Circuit case. Public entities have a duty to cooperate in criminal investigations given the stakes involved in criminal cases and that duty far surpasses any sort of bureaucratic, parochial interest in asserting the attorney-client privilege. In the private context, would you concede that if you applied the same standard in the private context, it would serve to undermine the privilege even if it weren't very privileged? Well, it has a motive. It has a motive. How often is it going to be that they're going to seek it in a criminal case? I don't know. But the point would be to stabilize the privilege dramatically. Yes, in the private context, maybe, but the public is different. The point is that we start at the baseline. We do know that the attorney-client privilege does exist within the government. So the question is, you just only are talking about the federal government's interest and the interest in pursuing a criminal prosecution. No. What is the burden likely to be in practical effect on the privilege itself which is recognized? The burden, you have to consider the burden on the government attorney-client privilege, not just the burden on the government attorney-client privilege. Remember that What is it likely to be? How effective is the privilege likely to remain if you can get this kind of blanket rule in your favor? Here's the point. It's that public agencies, number one, cannot be prosecuted criminally, right? We know that. Moreover, precisely because of Icarilla, we know that if records come out in a criminal proceeding, let's say the grand jury gets the records here, let's say there's a criminal trial, a state employee is indicted, we introduce the emails as trial exhibits. So now they're in the public domain. Well, those emails cannot be used against the state agency in a civil action later on precisely because Icarilla says that in the civil context the government agency can assert the attorney-client privilege so that the state, the state agency would be able to suppress that evidence in that context. Now, if the state agency can't be prosecuted criminally, if the documents can't be used against the state agency in some future civil case, that undercuts to a great degree this sort of chilling effect argument of a state. But the chilling is on the individual officers who need to talk with their lawyers and if they have any sense that they're going to be subject to criminal prosecution to, even more importantly, the civil litigation that will surely follow once the information is out. That's where the chill is as I see it. And that's exactly the sort of chill that you do not take into consideration precisely because the privilege here, if it exists at all, runs to the agency, not to the individual employee. Notice that even apart from the issue that we're talking about in this case, when a state employee... The agency's interest is in having its officers come to it for advice. And the state's interest is burdened if the people who would be seeking the advice would be chilled from asking for it. No, but that is the case even without the rule that we are advocating for because when a state employee comes into agency counsel's office, that person can then be secure that their communications are going to remain private because... That's true of private corporation too. Exactly. And private corporation can still serve regularly. Right. So the chilling effect that exists presently isn't augmented to any great degree by the rule that we're proposing. It exists right here in the United States. And that is the thing that... Take the Nixon case. The court there did not just say, well, how often is it going to be that there's going to be a grand jury subpoena? The chill won't be that big a deal. Instead, they said, no, you have to have a heightened standard before you can advocate it. And because of the worry about the chills, you had so demonstrative need, all these special protections, et cetera, that made it a qualified privilege, but still it gave some weight to it. It didn't just say grand jury subpoena automatic. Well, we disagree with that way of characterizing the Nixon case. It wasn't tested in Nixon. Or was it just the test of the grand jury subpoena itself? That's it. I think what Nixon said is that when you have a criminal proceeding, the stakes are just fundamentally different from the civil proceeding. A criminal trial subpoena directed at the president for his most confidential communications between top-level advisors, that privilege, the executive privilege, in this case, disappears. So why would we accord some greater status to the Supreme  when we have a sort of test in Nixon? It was a balancing of competing interests. And what the court said was that the weighty public interests in criminal enforcement of statutes and also the defendant's discovery rights, the constitutional rights of defendants to get criminal discovery, those far outweigh the executive privilege in that case. So do you read Nixon as criminal or federal criminal? In other words, we read Nixon as both federal and state. The lesson from Nixon, from our perspective, is that no government agency, whether state or federal, whether it's the Office of the President of the United States or a small federal or state agency, can assert the attorney- client privilege to withhold evidence against any criminal matter. Any grand jury anywhere in the United States, state, county, otherwise, can get basically everything the President has in his control box. Right. If it's a properly constituted grand jury, then... That seems quite extraordinary. Well, you can test the presidential issue in a later case, but for our purposes, this is a  should apply equally to federal and state agencies.  or state agency should be allowed to maintain the attorney- client privilege. You're just saying that because Judge Kavanaugh's question is not vis-à-vis the attorney- client privilege. The Nixon privilege, the way Nixon decided, the Nixon whole, that vis-à-vis the privilege that was asserted there, all he needed was any grand jury subpoena from anyone? It was actually a criminal trial subpoena, but they didn't, from our perspective, draw any sort of distinction along the lines that you're saying. Why would all these courts that rule in your favor distinguish Nixon? No, they point to Nixon in support of their whole example. No, they say that Nixon was a constitutional figure who was not a common law figure, etc. Well, that's true, but the majority said no, we don't apply those standards. Well, I may be misrepresenting or misremembering that case, but the lesson that we draw from Nixon is that if you have an executive privilege, which is constitutionally rooted, and that gives way in the face of a criminal trial subpoena, why on earth should we have an attorney- client privilege that remains fast in the face of a federal grand jury subpoena, and why should we have a rule which focuses, as the state wants, on the status of individual employees as part of that subpoena, and why  we have  attorney- client privilege that remains   of a federal grand jury subpoena, and why should we have an      subpoena,  why should we have we have an attorney-   that remains of a  grand  subpoena, and attorney-  remains of a federal an attorney- that remains  federal grand jury subpoena,  why should we